# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE SUE MASEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:20-cv-01657 JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUBSTITUTION<br>(Doc. 15) |

Plaintiff Annette Sue Maseda filed this action for judicial review of an administrative decision denying her application for Social Security benefits. (*See* Doc. 1.) Nicole Schmidt seeks to substitute as plaintiff pursuant to Rule 25 of the Federal Rules of Civil Procedure. (Doc. 15.) For the following reasons, Plaintiff's motion is **GRANTED in part**.

**I.    Background**

Plaintiff initiated this action by filing a complaint on November 20, 2020. (Doc. 1.) Plaintiff asserted she is disabled, and the findings by the Commissioner to deny her applications for benefits were "not supported by substantial evidence and are contrary to law and regulation." (*Id.* at 2.) Plaintiff seeks to have the Court reverse the administrative decision and find she is entitled to benefits, or remand the action for further proceedings. (*Id.*)

Plaintiff died on March 24, 2021, while this action was pending. (Doc. 15 at 1.) Her daughter, Nicole Schmidt, now seeks substitution as the plaintiff. (*Id.* at 1-2.)

1

## II. Legal Standard

Rule 25(a)(1) governs the issue of substitution, and provides that: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1). Therefore, in deciding a motion to substitute under Rule 25(a)(1), the Court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. *See id.* If the requirements of Rule 25(a) (1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who … would adequately represent [the decedent's] interests." In re Baycol Prods. Litig., 616 F.3d 778, 789 (8th Cir. 2010).

## III. Discussion and Analysis

### A. Timeliness

The motion now pending before the Court was filed in a timely manner because Plaintiff filed the quest for substitution within 90 days of the death of Annette Sue Maseda.

### B. Whether the claims are extinguished

Substitution is limited to claims that are not extinguished by death of a party. The Regulations also provide that certain survivors may be entitled to posthumous payments of benefits. *See* 42 U.S.C, § 1383(b)(1)(A); 20 C.F.R. § 416.542(b). Because the Social Security Act expressly provides for benefits to be paid to survivors in the event she died before collecting benefits owed, Plaintiff's claims were not necessarily extinguished upon her death.

Notably, the complaint indicates that Plaintiff applied for both disability insurance benefits and supplemental security income. (Doc. 1 at 1, ¶1.) Ms. Schmidt does not address the distinction in benefits in filing the motion now before the Court, or explain whether she seeks substitution for both applications. *See Timothy F. v. Saul*, 2020 U.S. Dist. LEXIS 251827 (E.D. Wash. Nov. 5, 2020) (addressing substitution for the DIB claim only, and declining to address the decedent's SSI claim). However, supplemental security income payments may only be paid to an eligible surviving spouse,

and not to an estate. See 20 C.F.R. § 416.542(b). Thus, Plaintiff's claim for SSI payments appear to be extinguished, while the disability insurance benefits remain.

**C.    Designation of a "proper party"**

Rule 25(a)(1) requires evidence that Nicole Schmidt is a successor in interest or legal representative of Annette Sue Maseda. *See Hilao*, 103 F.3d at 766 (applying Rule 25(a)(1) to the legal representatives of the deceased's estate). The Ninth Circuit explained: "It is plain ... that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it." *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) (footnote omitted).

Plaintiff reports that "Annette Sue Maseda was unmarried at the time of her death, and Nicole Schmidt is [the] Child of Annette Sue Maseda." (Doc. 15 at 1, emphasis omitted.) Ms. Schmidt has provided both her birth certificate and the "Certificate of Death" for her mother to support these assertions. (Doc. 15-2 at 1; Doc. 15-2 at 1.) In addition, Ms. Schmidt reports that she was an only child, and it does not appear another person has a superior right to Ms. Schmidt. (Doc. 15-3 at 2.) Because disability insurance benefits may be paid to a child of the deceased applicant, the Court finds Ms. Schmidt is a proper party for the Title II claim. *See* 20 C.F.R. § 404.503(b)(2). On the other hand, supplemental security income payments may only be paid to a surviving spouse, and Ms. Schmidt is not a proper party for the Title XVI claim. *See Timothy F.*, 2020 U.S. Dist. LEXIS 251827 at* 5-6; *see also* 20 C.F.R. § 416.542(b) (indicating SSI payments may only be made to an eligible surviving spouse and not to the estate of a recipient).

**IV.    Conclusion and Order**

Ms. Schmidt has presented evidence that establishes that the requirements of Rule 25(a) (1) are satisfied as to Plaintiff's claim for disability insurance benefits, but does not carry this burden with the application for supplemental security income. Accordingly, the Court **ORDERS**:

1.    The motion to substitute Nicole Schmidt as Plaintiff (Doc. 15) is **GRANTED in part**;
2.    Annette Sue Maseda shall remain the named plaintiff with respect to the claim for supplemental security income;
3.    Nicole Schmidt shall be substituted <u>for the disability insurance claim only</u>; and

3

4. The Clerk of Court is direct to add Nicole Schmidt as a party-plaintiff and to reflect Jonathan Omar Pena as counsel of record of Ms. Schmidt.

IT IS SO ORDERED.

Dated: **June 2, 2021**  **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE